**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | |
|     Angela P. Cannon, | ) | |
| | ) | Bankruptcy No. __15-15182__ |
| | ) | |
|                     Debtor. | ) | Chapter _____7_____ |

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____Fox Swibel Levin & Carroll LLP_____

Authorized to Provide Professional Services to: _____N. Neville Reid, as chapter 7 trustee_____

Date of Order Authorizing Employment: _____January 11, 2018, retroactive to November 10, 2017_____

Period for Which Compensation is Sought:
From _____November 13_____, __2017__ through _____March 31_____, __2018__

Amount of Fees Sought: $ _6,673.50_____

Amount of Expense Reimbursement Sought: $ _0.00_____

This is an:    Interim Application _____          Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated: _____April 19, 2018_____         _____/s/ N. Neville Reid_____
                                                                                                                      (Counsel)

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 15-15182 |
| Angela P. Cannon, | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | **Date: May 10, 2018** |
| | ) | **Time: 9:30 a.m.** |

## NOTICE OF FIRST AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP, FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION FOR THE PERIOD NOVEMBER 13, 2017 THROUGH MARCH 31, 2018; AND (II) AUTHORIZING PAYMENT OF UNPAID FEES

PLEASE TAKE NOTICE that on **Thursday, May 10, 2018, at 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox, or any judge sitting in her stead, in Courtroom 680, in the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, and present the **First and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (i) Allowing an Administrative Claim for Compensation for the Period November 13, 2017 Through March 31, 2018, and (ii) Authorizing Payment of Unpaid Fees**, at which time and place you may appear as you see fit.

Dated: April 19, 2018

**N. NEVILLE REID, not individually, but solely in his capacity as the chapter 7 trustee for the bankruptcy estate of Angela P. Cannon**

By:   */s/ N. Neville Reid*
  Fox, Swibel, Levin & Carroll, LLP,
  as Proposed General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Brian J. Wilson (ARDC #6294099)
**FOX, SWIBEL, LEVIN & CARROLL, LLP**
200 West Madison Street, Suite 3000

Chicago, IL  60606
Ph:  312.224.1200
Fax:  312.224.1201

2

## **CERTIFICATE OF SERVICE**

      I, N. Neville Reid, certify that on April 19, 2018, I caused a copy of the foregoing **First and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (i) Allowing an Administrative Claim for Compensation for the Period November 13, 2017 Through March 31, 2018, and (ii) Authorizing Payment of Unpaid Fees**, to be filed electronically through the Court's ECF filing system and to be served electronically upon all parties listed on the attached Service List through the Court's ECF filing system or via email, as indicated.

                                                    */s/ N. Neville Reid*
                                                    N. Neville Reid

## SERVICE LIST

**Parties to receive notice electronically via CM/ECF:**

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

JOSEPH P DOYLE on behalf of Debtor ANGELA P. CANNON
joe@fightbills.com

**Party to receive notice via postage-prepaid first class U.S. mail:**

Angela Cannon
5105 S. Harper Ave., Unit 403
Chicago, IL 60615

Navient Solutions, LLC on behalf of
United Student Aid Funds
Attn: Bankruptcy Litigation Unit E3149
PO Box 9430
Wilkes Barre, PA 18773-9430

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 15-15182 |
| ANGELA P. CANNON, | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | **Hearing Date: May 10, 2018** |
| | ) | **Hearing Time: 9:30 a.m.** |

**FIRST AND FINAL APPLICATION OF FOX SWIBEL LEVIN & CARROLL LLP, FOR AN ORDER (I) ALLOWING AN ADMINISTRATIVE CLAIM FOR COMPENSATION FOR THE PERIOD NOVEMBER 13, 2017 THROUGH MARCH 31, 2018; AND (II) AUTHORIZING PAYMENT OF UNPAID FEES**

Fox Swibel Levin & Carroll LLP ("FSLC"), general bankruptcy counsel to N. Neville Reid, not individually, but solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Angela P. Cannon (the "Debtor"), files this application ("Application") for an order (i) allowing an administrative claim for compensation consisting of fees in the amount of $6,673.50 (the "Requested Compensation") incurred during the period of November 13, 2017 through March 31, 2018 (the "Application Period"); and (ii) authorizing the Trustee to pay the Requested Compensation at this time, FSLC respectfully states the following:

**INTRODUCTION**

1. This Court has jurisdiction over the Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the requested relief are Sections 328, 330, and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## BACKGROUND

3.     On April 29, 2015 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").  Shortly thereafter, the United States Trustee for the Northern District of Illinois appointed N. Neville Reid as the Trustee for the Estate.

4.     On June 17, 2015, the Trustee conducted his examination of Debtor as part of the Debtor's 341 meeting of creditors. At such time, the Trustee learned about a possible personal injury lawsuit (the "Lawsuit") related to physical injuries suffered by the Debtor as a result of an automobile accident that took place on November 5, 2014.

5.     The Lawsuit was not described in the original petition filed by the Debtor.  On June 19, 2015, Debtor filed an amended Schedule B to the Debtors' Petition, listing the Lawsuit with a value marked as "Unknown".

6.     Mr. Telly Liapis ("Liapis") and his firm, Ankin Law Office LLC (the "Ankin Firm"), were retained by the Debtor pre-petition to handle the Lawsuit for the Debtor.

7.     In late October of 2017, the Trustee received notice from Liapis that a settlement had been obtained in Debtor's Lawsuit which would result in partial payment of the one and only creditor in the case.

8.     With funds to administer the Estate and make a distribution to the sole creditor, the Trustee required FSLC to assist with the legal affairs of administering the Estate and moved to employ FSLC on January 5, 2018.

9.     On January 11, 2018, the Court granted the Trustee's Application to Employ FSLC. [Dkt. 24].

10. On January 8, 2018, the Trustee moved to employ Liapis of the Ankin Firm to pursue and finalize such action on behalf of the Estate with the Debtor.

11. On January 16, 2018, the Court granted the Trustee's Application to Employ Liapis. [Dkt. 25].

4. On February 7, 2018, the Court entered an order approving a settlement between the Trustee, the Debtor, Consuela Brown ("Ms. Brown") and the Ankin Firm pursuant to Bankruptcy Rule 9019(a) whereby Ms. Brown agreed to pay total settlement proceeds to the Trustee in the sum of Ninety-Five Thousand and 00/100 Dollars ($95,000.00) (the "Settlement Agreement") which the Debtor and the Trustee agreed to accept in full settlement of the Debtor's claim against Ms. Brown and all damages which may have arisen therefrom. [Dkt. 27].

## REQUESTED RELIEF

5. FSLC files this Application to be allowed an administrative claim in the amount of the Requested Compensation.

6. Attached as Exhibit A to this Application is a schedule of the name and position of each attorney and paralegal who has performed work for the Trustee for which reimbursement is sought, the number of hours billed by each professional and his/her hourly billing rate, as well as the year each attorney graduated from law school and was admitted to practice in Illinois.

7. Attached as Exhibit B to this Application are the detailed chronological FSLC time entries by task, describing the actual, necessary services rendered and time expended for work performed on behalf of the Trustee during the Application Period, consisting of the following categories: (B-1) General Case Administration, (B-2) Asset Investigation, (B-3) Professional Retention, (B-4) Fee Application, (B-5) Other Litigation, and (B-6) Final Report.

## PROFESSIONAL SERVICES RENDERED

8. During the Application Period, and more specifically delineated on <u>Exhibit B</u> hereto, FSLC has performed the following services on behalf of the Trustee:

    A. <u>General Case Administration</u>. FSLC performed various miscellaneous tasks that facilitated the Trustee's ability to finalize the Settlement Agreement.

    [The tasks in this category account for $2,632.50, or 11.2 hours of the Requested Compensation.]

    B. <u>Asset Investigation</u>. FSLC prepared the release and motion to approve the Settlement Agreement.

    [The tasks in this category account for $577.50, or 1.1 hours of the Requested Compensation.]

    C. <u>Professional Retention</u>. FSLC prepared, filed, and presented the Trustee's Application to Employ (i) FSLC, as General Bankruptcy Counsel Retroactive to November 10, 2017 [Dkt. 22], and (ii) Liapis, as Special Counsel Retroactive to June 19, 2015 [Dkt. 23].

    [The tasks in this category account for $2,316.00, or 9.8 hours of the Requested Compensation.]

D. <u>Fee Application</u>. FSLC prepared this First and Final Application of Fox Swibel Levin & Carroll LLP, for an Order (I) Allowing an Administrative Claim for Compensation for the Period November 13, 2017 Through March 31, 2018; and (II) Authorizing Payment of Unpaid Fees.

[The tasks in this category account for $792.00, or 3.6 hours of the Requested Compensation.]

E. <u>Other Litigation</u>. FSLC negotiated the terms of the release and Settlement Agreement.

[The tasks in this category account for $157.50, or 0.3 hours of the Requested Compensation.]

F. <u>Final Report</u>. FSLC prepared the Trustee's Final Report, the Notice of Trustee's Final Report, and Application for Trustee Compensation.

[The tasks in this category account for $198.00, or 0.9 hours of the Requested Compensation.]

**APPROPRIATENESS OF FEES**

9. The professional services provided by FSLC to the Trustee during the Application Period were necessary and appropriate to assist the Trustee with the administration of the Debtor's case, and were in the best interests of the Estate. Compensation for the services

provided by FSLC is commensurate with the complexity, importance, and nature of the problems, issues and tasks involved.  FSLC undertook all reasonable efforts to ensure that the services it provided were performed in an efficient manner, without duplication of effort.

10.   FSLC's fees are recorded in a computerized time record system, from which the billing records attached to this Application were generated.  FSLC has reviewed the billing records to ensure their accuracy.

11.   FSLC's billing rates for the matters set forth in this Application are consistent with reasonable and customary rates among attorneys and paralegals for the work performed.

12.   FSLC's requested fees are awardable pursuant to Section 330 of the Bankruptcy Code as reasonable and necessary expenses incurred for the administration of the Estate.

## **NOTICE**

13.   Pursuant to Bankruptcy Rule 2002, notice of this Application has been given to: (a) the Debtor; (b) the Debtor's counsel; (c) the United States Trustee for the Northern District of Illinois; (d) all creditors who filed a proof of claim in the case; and (e) all other parties set up to receive notice through the Court's ECF filing system.  As to creditors, and to save costs for the Estate, the Trustee requests that, pursuant to Bankruptcy Rule 2002(h), the court limit notice of this application to creditors who have filed a proof of claim in the case.  No incremental prejudice will result to any other creditor who did not file a proof of claim since such creditors are not entitled to a distribution in this case.  In light of the nature of the relief requested, the Trustee submits that no further notice is required.

WHEREFORE, FSLC requests entry of an order (i) allowing an administrative claim for compensation consisting of fees in the amount of $6,673.50 incurred during the Application Period; (ii) authorizing the Trustee to pay the Requested Compensation; and (iii) providing such

other and further relief as is proper and just.

Dated: April 19, 2018                              Respectfully submitted,

**FOX SWIBEL LEVIN & CARROLL LLP**

*By:*   */s/ N. Neville Reid*
          Fox Swibel Levin & Carroll LLP,
          General Bankruptcy Counsel to the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Brian J. Wilson (ARDC #6294099)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

7